UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID WILSON,<br><br>Plaintiff,<br><br>v.<br><br>SOMERSET COUNTY PROSECUTORS OFFICE, et al.,<br><br>Defendants. | Civil Action No. 15-6034 (FLW)<br><br>MEMORANDUM OPINION |

This matter comes before the Court on Plaintiff's motion for reconsideration (ECF No. 12) of the Court's Order, and accompanying Opinion, dismissing Plaintiff's federal claims, denying supplemental jurisdiction, and remanding the case to state court, pursuant to 28 U.S.C. § 1367(c). (*See* ECF Nos. 9, 10, 11). Defendants have opposed the motion. (ECF No.) For the reasons explained below, the Court will deny Plaintiff's motion for reconsideration.

"[R]econsideration is an extraordinary remedy, that is granted very sparingly." *Brackett v. Ashcroft*, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5, 2003 WL 22303078 (D.N.J. Oct. 7, 2003). A court will grant a motion for reconsideration only if the movant establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact, or to prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Under Local Civil Rule 7.1(i), a party making a motion for reconsideration must submit a "brief

1

setting forth concisely the matter or controlling decisions which the party believes the Judge ... has overlooked." D.N.J. Civ. R. 7.1(i).  In other words, the movant may address only matters that were presented to the Court, but were not considered by the Court in making the decision at issue.  *United States v. Compaction Sys. Corp.*, 88 F.Supp.2d 339, 345 (D.N.J. 1999).

Here, the motion does not present an intervening change in controlling law, evidence that was not previously available, the need to correct a clear error of law or fact, or to prevent a manifest injustice.  As the basis for reconsideration, Plaintiff contends that his Amended Complaint was "never about a drug court application" under N.J.S.A. 2C:35–14 and instead was "about a custody change application" under New Jersey Court Rule 3:21–10.  As explained by the New Jersey Appellate Division

> N.J.S.A. 2C:35–14 controls when a defendant can be sentenced to special probation.  Rule 3:21–10 is the mechanism through which a defendant can, among other things, file a motion for change of custody <u>after a sentence has already been imposed</u>. The rule provides that a court may change a custodial sentence to permit entry of the defendant into a custodial or non-custodial treatment or rehabilitation program for drug or alcohol abuse. R. 3:21–10(b)(1).

*State v. Ross*, No. A-2367-12T4, 2014 WL 7894502, at *2 (N.J. Super. Ct. App. Div. Feb. 20, 2015) (emphasis added).  As noted by Defendants in their opposition to the motion for reconsideration (*See* ECF No. 15), Plaintiff's Amended Complaint never mentions "custody change application" or any facts that suggest that he filed a motion for change of custody after sentence was imposed.  Rather, the Amended Complaint repeatedly refers to the denial of Plaintiff's "drug treatment and bail reduction applications[.]" (*See, e.g.*, Am. Compl. at ¶¶ 7-11.)  Obviously, an application for reduction in bail would take place prior to sentencing.  The dates provided in the Amended Complaint also suggest that his application for admission to the drug rehabilitation program was made prior to sentencing.  The Amended Complaint lists the date of

Plaintiff's arrest as January 20, 2015, and alleges that he sought release on bail and admission in to a drug rehabilitation program.  (ECF No. 15-6034, Am. Compl. at 1-2, 7.)  He alleges that Somerset County Prosecutor Matthew Murphy submitted a brief opposing the applications on March 20, 2015.  (*Id.*)  It appears from the State of New Jersey Department of Corrections Inmate Locator that Plaintiff was sentenced on July 17, 2015 (*see* NJDOC Inmate Locator, available at //www20.state.nj.us/DOC_Inmate/details?x=1028298&n=0); thus, it appears that Plaintiff was sentenced <u>after</u> his application for admission to a drug rehabilitation program.  As such, the Court applied N.J.S.A. 2C:35–14 in assessing his claims for relief.  Furthermore, although Plaintiff contends that there is a "big difference" between the two types of motions, he fails to explain how this alleged difference would have affected the outcome of his case.  Because Plaintiff's submission does not meet the high standard for reconsideration, the Court will deny the motion.  An appropriate Order follows.


                                                              <u>/s/ Freda L. Wolfson</u>
                                                              Freda L. Wolfson, U.S.D.J.


Date: October 7, 2016